**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

ROGER CLAPP,

Defendant-Appellant.

No. 05-1320

(D. of Colo.)

(D.C. No. 04-CR-192-S)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Roger Clapp appeals his conviction for knowingly receiving child pornography. He claims the evidence was not sufficient for a jury to find him guilty of this charge. We disagree and AFFIRM.

**I.  Background**

Inspector Frank Graham, an undercover agent for the U.S. Postal Inspection

---

[*]  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Service, posted an advertisement on the Internet offering videotapes of children engaged in explicit sexual activities. Clapp responded to this advertisement, requesting specific types of child pornography. Graham confirmed that he could provide such depictions, and on January 17, 2004, Clapp ordered via email several videotapes containing the specific depictions he had requested. In the same email, Clapp asked about shipping costs. Graham responded that shipping was included and asked Clapp to notify him when payment was sent. Clapp sent an email that day, saying a check had been sent as instructed. Graham received the check six days later.

The next day, January 24, Graham sent Clapp an email message that stated: "Roger, I got your check. It arrived the same day that I left to visit my son and wife in Arizona. I had to get out of this cold for a little while. As soon as I get back I'll get your order ready and e-mail you when it's shipped." Vol. II, Pg. 66–67. This message was sent to provide time for Graham to involve other postal inspectors in a controlled delivery.

On February 6, 2004, another postal inspector posing as a letter carrier, delivered a package containing four videotapes to Clapp at his home. The inspector intentionally handed the package to Clapp in such a way that Clapp was able to read the address label for a few seconds before asking whether he needed to sign for the package. The return address label was the same address to which Clapp had previously sent the check for the child pornography.

2

About twenty-five minutes after Clapp had accepted the package, postal inspectors obtained and executed a warrant on Clapp's home. Officers knocked on the door, and when Clapp answered, he appeared disheveled, with his belt and pants zipper undone. Officers immediately discovered the four tapes, each of which had been advanced, and one of which was playing at that time on Clapp's VCR. Clapp admitted he had already watched a bit of each tape. During the search, officers seized abundant evidence of child pornography from Clapp's home.

Officers took Clapp to the police station and interviewed him. At one point Clapp was asked where he had gotten the four tapes at issue, to which he replied, "The address is on the box." Vol. III, Pg. 276.

Based on these events, Clapp was indicted in a three-count indictment. Count I charged him with possession of child pornography, 18 U.S.C. § 2252A(a)(2)(A); Count II alleged receipt of child pornography, *id.* § 2252A(a)(5)(B); and Count III sought forfeiture of personal property used in the commission of these crimes. Clapp pleaded guilty to Counts I and III but sought a bench trial on Count II. The district court found him guilty of Count II and sentenced him to 60 months in prison, the minimum sentence allowed by the statute of conviction.

## II. Analysis

Clapp argues only that his conviction on Count II was not established by

3

the evidence, specifically, that the government failed to establish that he *knowingly* received the child pornography.[1]  We review de novo a claim that the evidence was insufficient to convict.  *United States v. Nelson*, 383 F.3d 1227, 1229 (10th Cir. 2004).  "Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government."  *Id.*

At issue here is whether the evidence was sufficient to prove that Clapp "knowingly receive[d] . . . any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means."  18 U.S.C. § 2252A(a)(2)(A).  Clapp challenges the evidence of his mental state.  Because the email Graham sent on January 24, 2000, had informed him that the shipment would be delayed and that another email would precede shipping, Clapp claims that in the absence of such an email, he did not know this package contained the child pornography he had ordered.

We disagree.  His emails specifically request certain depictions of hardcore child pornography.  It is undisputed that he ordered the materials from the address written on the package and had time to read the address label before he accepted delivery.

---

[1] Clapp originally raised a constitutional challenge to the mandatory minimum, but he has withdrawn that argument.

Additionally, the record reflects that this transaction was not the only time Clapp purchased child pornography over the Internet to be delivered through the mail. Coupled with the other evidence of child pornography found in his house, these facts support the finding that he knew this package was more of the same. Although the court was not *obligated* to make the finding it did, it was certainly *justified* in doing so.

### III. Conclusion

In light of these facts, we conclude the evidence was sufficient to support Clapp's conviction for receipt of child pornography and AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

5